## CIRCUIT COURT OF FAIRFAX COUNTY

Rohrbaugh

v.

Rohrbaugh

April 30, 1986

Case Nos. (Chancery) 94350, 94326

By JUDGE THOMAS A. FORTKORT

The jurisdiction of Nevada to render a divorce between Dorsey Rohrbaugh and Linda Rohrbaugh depends upon the change of domicile from Virginia to Nevada for a period in excess of six weeks.

The doctrine of divisible divorce first expounded in *Vanderbilt v. Vanderbilt,* 354 U.S. 416 (1956), and its later progeny, separated the in rem action of dissolving the marriage from the in personam remedies such as alimony which flow from the divorce. Because the doctrine of divisible divorce preserves the marital assets while allowing foreign decrees to terminate the "status" of marriage, few challenges to the jurisdiction of the divorce state courts to render a valid divorce decree are mounted and fewer still are set aside.

An entire body of law has arisen which permits full faith and credit to be given divorce decrees on the basis of meeting minimal residence requirements in the divorce state.

All of the preamble is stated to show where on the curve of establishing domicile this case may fall. The only positive factor for establishing domicile in Nevada by Linda Rohrbaugh is that she spent six continuous weeks in residence in Nevada as is required by Nevada law.

Counsel for the husband, Dorsey Rohrbaugh, has produced approximately ten factors which would lead one to fairly

conclude that Linda Rohrbaugh, despite her protestations to the contrary, never intended to domicile herself in Nevada.

Nevertheless, this Court could conclude that her residence in Nevada for the required six weeks statutory period, was sufficient to grant jurisdiction in the Nevada Court despite a heavy body of evidence as to a contrary domiciliary intent. To say that, the Court in this case would be stating the principle that once residence is established in conformance with Nevada' law, no further inquiry into domiciliary intent is either useful or necessary. That conclusion certainly has support in many states and the language of *Dry v. Rice*, 147 Va. 331 (1927), at page 338, suggests how high a hurdle must be met in challenging a forum court's finding of jurisdiction in a Virginia Court:

> It should be observed, however, that while lack of jurisdiction of a foreign court may be shown, yet where it is sought to impeach such judgment for fraud imposed upon a foreign court, touching a jurisdictional fact, the evidence must be of the most satisfactory and convincing kind, for every presumption will be indulged in favor of jurisdiction found by the foreign court, until the contrary is clearly shown.

Mrs. Rohrbaugh's counsel has cited several other Virginia cases later in time than *Dry, supra*, which all but close the door into investigation of domiciliary intent as a basis for setting aside the foreign decree.

Even with these high hurdles and exacting standards designed to protect the full faith and credit of foreign decrees, the residency established in this case is the minimum compliance imaginable.

If Mrs. Rohrbaugh's sole purpose was to dissolve the marriage, her minimum residence in Nevada might pass full faith and credit scrutiny.

In addition to the minimum compliance with Nevada residence requirements this Court received the following evidence bearing upon Mrs. Rohrbaugh's domiciliary intentions. Mrs. Rohrbaugh left Virginia surreptitiously under an alias after having received a setback in this Court

on an ancillary property matter in her pending action against Mr. Rohrbaugh. The Virginia action was maintained until two weeks prior to the final Nevada decree. It was then non-suited simultaneously with the filing of suit in Nevada. Mr. Rohrbaugh was personally served through a private process server two days after suit was filed in Nevada. Mrs. Rohrbaugh stayed in contact with her parents in Virginia to maintain her business. Her counsel continued to file actions in Fairfax County while Mrs. Rohrbaugh was in Nevada meeting her residence requirements. She returned to Virginia on the very day her Nevada decree was entered. All these factors clearly evidence a conscious plan to evade the jurisdiction of the Virginia Court and presumably win some tactical advantage by obtaining a Nevada decree while continuing to battle Mr. Rohrbaugh in other related actions in this state.

The decree rendered by the Nevada Court fails because respondent's intent to domicile in Nevada was purely fraudulent. To deny validity to this Nevada decree simply declares that decrees of a foreign court normally upheld when the jurisdictional requirements of the forum court are met will be set aside when fraud is alleged and convincingly proven, as in this case.

For the foregoing reasons, the Nevada decree of divorce is declared null and void.